IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. MARCHKY and
SANDRA MARCHKY,

        Plaintiffs,

    v.

MOTORISTS MUTUAL INSURANCE
COMPANY,

        Defendant.

08cv1058
**ELECTRONICALLY FILED**

## Memorandum Order

This is a personal injury action. Plaintiffs seek underinsured motorists (UIM) coverage for a motorcycle accident and resulting injuries sustained by plaintiff-husband, Michael Marchky, and plaintiffs further allege a bad faith claim under 75 Pa. C. S. A. § 8371 for defendant's unreasonable evaluation of plaintiffs claim and defendant's unreasonable offer of settlement.

This action was originally filed in the Court of Common Pleas of Allegheny County and was removed by defendant on July 30, 2008. Currently pending before this Court is plaintiffs' motion to remand this action to state court (doc. no. 3).

In support on their motion, plaintiffs primarily argue that due to changes in insurance policies in Pennsylvania, as mandated by the Insurance Commissioner, civil actions with underinsured and uninsured motorists claims, which were traditionally handled by arbitration, are now being filed in state courts, and the defendant insurers most often opt to remove these cases to federal courts based upon diversity of citizenship and other tactical reasons. Plaintiffs essentially make a policy argument that whichever court assumes jurisdiction over these cases will see an exponential increase in claims in the very near future, and that this Court may decline

to accept this case based upon principles of "forum non conveniens" and principles of sound judicial administration.

Plaintiffs argue, citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed. 483 (1976), that this Court may decline to exercise its jurisdiction in "exceptional circumstances" and that this case constitutes one such exceptional circumstance.

In the Third Circuit, when a case does not fall within the traditional abstention doctrines,[1] the case may fall under the Colorado River Doctrine. *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 222 (3d Cir. 1994).

Among the factors to consider in determining whether the Court should abstain under the *Colorado River* Doctrine includes: (1) whether the state court assumed in rem jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976)).

However, as the United States Court of Appeals for the Third Circuit emphasize in *Ryan*, the most important - - indeed "paramount"-- factor justifying abstention in *Colorado River* was the McCarran Amendment and its policy against piecemeal litigation. *Ryan v. Johnson*, 115 F.3d 193, 197 (3d Cir. 1997). In order for the *Colorado River* Doctrine to apply, there must be

---

[1]The three grounds for abstention are: "Pullman abstention, . . . which is proper when a state court determination of a question of state law might moot or change a federal constitutional issue presented in a federal court case; Burford abstention, . . . which is proper when questions of state law in which the state has expressed a desire to establish a coherent policy with respect to a matter of substantial public concern are presented; and Younger abstention, . . . which is proper when federal jurisdiction has been invoked for the purpose of restraining certain state proceedings." *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, fn 5 (3d. Cir. 1994).

some concurrent or parallel proceeding. Here, there is no other action pending in state court, and thus, a critical factor justifying abstention under *Colorado River*, the need to avoid piecemeal litigation, does not exist here. Accordingly, after applying the factors of the *Colorado River* Doctrine, the Court will retain jurisdiction over this case.[2] For these reasons, plaintiffs' motion to remand (doc. no. 3) is DENIED.

SO ORDERED this 18th day of August, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[2]Defendant made an offer of settlement of $50,000.00. Plaintiffs now argue that defendant should not be permitted to "forum shop" by removing a case on the basis that the amount in controversy exceeds $75,000.00 when defendant offered only $50,000.00 to settle the case. In order to determine whether to remove a case to federal court, a defendant must show to a legal certainty that the amount in controversy exceeds the statutory minimum. *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004). According to the complaint, plaintiff was diagnosed with numerous fractures and he underwent a major surgery to repair his left quadriceps tendon and will be required to undergo future surgical procedures to remove the hardware. Therefore, based upon the face of the complaint, plaintiffs' allegations of these severe injuries, as well as the bad faith claim, defendant has met its burden to establish that the amount in controversy exceeds the statutory minimum to a legal certainty. Moreover, plaintiffs cite no authority to support their theory that because defendant offered $50,000.00 to settle this case, they are precluded from arguing that the case is worth more than the settlement offer.